[776 NYS2d 815]

In the Matter of WILLIAM F. ROTHMAN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 17, 2004

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Robert J. Saltzman* of counsel), for petitioner.

*Jerome Karp, P.C.*, Brooklyn, for respondent.

## OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition dated May 6, 2003, containing two charges of professional misconduct.

After a preliminary conference on June 16, 2003, and a hearing on July 21, 2003, the Special Referee sustained both charges. The petitioner moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper under the circumstances. The respondent's counsel submitted an affirmation, dated October 27, 2003, in response to the petitioner's motion to confirm the Special Referee's report. The respondent submits that his interim suspension, to date, constitutes sufficient punishment, and that he should be reinstated to practice. The respondent requests that the Court impose such discipline as it deems appropriate.

Charges One and Two allege that the respondent failed to cooperate with an investigation by the petitioner into his professional conduct, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]). The charges emanate from a complaint received from the respondent's client, Doris Randolph. The respondent failed to comply with the petitioner's repeated requests for information concerning the Randolph file.

By letter dated August 16, 2002, the petitioner informed the respondent, via regular and certified mail, that it had commenced a sua sponte complaint based upon his failure to cooperate with its requests for documentation regarding the Randolph complaint. Although he received communications from the petitioner, the respondent did not submit any response until after he was served with the motion for his interim suspension on December 13, 2002.

Based on the respondent's admissions and the evidence adduced, the Special Referee properly sustained both charges. The

petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider his expressed remorse, his efforts to amend his past behavior, and the favorable character letters submitted on his behalf. The petitioner notes that the respondent's prior disciplinary history consists of an admonition issued by the Departmental Disciplinary Committee of the First Department in June 1990 for neglect of a criminal appeal; a personally-delivered admonition in November 1996 for neglect of a criminal appeal, failure to respond to inquiries from the Clerk of this Court, and failure to respond to the petitioner, and an admonition in December 2000 for failing to respond to numerous inquiries from the petitioner regarding his failure to reregister with the Office of Court Administration.

In view of the great lengths to which the petitioner went to secure the respondent's cooperation and his disciplinary history, the respondent is suspended for a period of one year in addition to the time which he has been under an interim suspension.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and CRANE, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, William F. Rothman, is suspended from the practice of law for a period of one year, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months before the expiration of the one-year period upon furnishing satisfactory proof that during that period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (3) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, William F. Rothman, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to an-

other an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).