[16 NYS3d 269]

In the Matter of MICHAEL P. MAYS (Admitted as MICHAEL PHIL-LIP MAYS), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 16, 2015

---

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Melissa D. Broder* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a petition dated March 12, 2013. Following a prehearing conference on September 16, 2013, and a hearing on May 22, 2014, the Honorable Lewis L. Douglass, Special Referee, sustained the single charge. The Grievance Committee now moves to confirm the report of the Special Referee and for the imposition of such discipline as this Court deems just and appropriate.

The respondent's counsel, Deborah A. Scalise, Esq., who represented the respondent at the hearing, moved to withdraw as counsel due to irreconcilable conflicts, and for a stay to afford the respondent a reasonable time to obtain new counsel. By decision and order on motion dated January 20, 2015 (2015 NY Slip Op 61629[U]), this Court granted the motion and stayed the proceedings for 60 days after service upon the respondent of a copy of the Court's order. More than 60 days have elapsed since a copy of the order was served, and the respondent has neither retained new counsel nor submitted a response.

Charge one alleges that the respondent failed to cooperate with the legitimate investigations of the Grievance Committee with regard to two complaints of professional misconduct filed against him, in violation of rule 8.4 (d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0).

### Complaint of William C. Mouzon

On or about July 31, 2012, the Grievance Committee mailed a letter to the respondent at his office address in Jamaica, New York, on file with the Office of Court Administration, informing

him that the Grievance Committee had initiated an investigation based upon allegations of professional misconduct by his client, William C. Mouzon. The Grievance Committee's letter, which was sent with a copy of the Mouzon complaint, requested that the respondent submit a written answer within 10 days of his receipt of the letter. The respondent neither answered the complaint nor requested additional time in which to do so.

On or about September 27, 2012, the Grievance Committee sent a second letter, by certified mail, return receipt requested, addressed to the respondent at his office. The letter noted that the respondent had failed to provide an answer to the complaint, and requested that the respondent submit a written answer to the complaint within 10 days. The return receipt card was delivered to the Grievance Committee by the United States Postal Service and signed "F Mays." The respondent failed to respond. On or about November 27, 2012, the Grievance Committee mailed a third letter to the respondent, noting his continued failure to provide an answer to the complaint, and directed him to submit a written answer to the complaint within 10 days. The return receipt card was delivered to the Grievance Committee by the United States Postal Service and signed "F Mays." The respondent failed to respond. On February 15, 2013, a fourth letter, which was hand-delivered to the respondent, again noted his failure to provide an answer to the complaint. The fourth letter demanded that the respondent submit a written answer within 10 days of his receipt of the letter. To date, the respondent has failed to submit an answer to the Mouzon complaint, request an extension of time, or communicate with the Grievance Committee in any manner.

## Sua Sponte Complaint

On or about December 11, 2012, the Grievance Committee mailed a letter to the respondent, addressed to his office, informing him that it had initiated a sua sponte investigation based upon the sanctions imposed by the Honorable Jeffrey S. Sunshine, of the Supreme Court, Kings County, upon the respondent for his failure to appear before the court on numerous occasions in or about September 2012. The letter directed the respondent to submit a written answer within 10 days of his receipt thereof. The respondent neither answered the complaint (hereinafter the sua sponte complaint) nor requested an extension of time in which to do so.

On February 15, 2013, a second letter was hand-delivered to the respondent, which noted his failure to respond. The letter

directed the respondent to submit a written answer within 10 days of his receipt thereof. To date, the respondent has failed to answer the sua sponte complaint, request an extension of time, or communicate with the Grievance Committee in any manner.

In his answer to the petition dated July 23, 2013, the respondent admitted the factual allegations as well as the charge of professional misconduct, and requested that various mitigating circumstances be considered, including that he was diagnosed with multiple sclerosis three years earlier, and stopped taking the prescribed medication due to its side effects; that he arranged to be evaluated by a psychologist, who will be submitting a report regarding what impact his discontinuation of the medication may have had on his misconduct; that he has engaged in various pro bono activities; that he has taken proactive measures to consult with an attorney who specializes in ethics and professional responsibility; that he is remorseful; and that his reputation is that of a zealous advocate, one with honesty and integrity.

Based on the uncontroverted evidence and the respondent's admissions, the Special Referee properly sustained the charge. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

The respondent has a lengthy disciplinary history consisting of five admonitions and three letters of caution, to wit: (1) a letter of caution dated April 17, 1996, regarding neglect of a client matter; (2) an admonition dated May 22, 1996, for failing to cooperate with a complaint forwarded to him by the Queens County Bar Association; (3) an admonition dated June 19, 2002, for failing to return unearned fees; (4) an admonition dated September 24, 2002, for, inter alia, failing to file retainer and closing statements; (5) a letter of caution dated October 24, 2003, for failing to obtain a written retainer agreement in a divorce case; (6) a letter of caution dated December 30, 2005, for advertising himself as a specialist in a field without being certified in that field; (7) an admonition dated December 12, 2006, for neglecting a client matter; and (8) an admonition dated December 14, 2011, for failing to cooperate with the Grievance Committee and failing to file a retainer statement with the Office of Court Administration.

In mitigation, the respondent acknowledged at the hearing that his conduct was wrong and repeatedly apologized for his failure to cooperate with the Grievance Committee's investiga-

tion. The respondent offered no explanation for his failure other than his medical problems. In 2009, he began to experience blurred vision and other ailments, such as tingling in his extremities and tiredness—symptoms which were later diagnosed to be early signs of multiple sclerosis. Although prescribed medication, the respondent of his own accord stopped taking the medication due to its side effects. Not until the respondent was suspended in 2013 did he, at the urging of others, resume treatment. Tests performed in January 2015 confirmed the diagnosis. Dr. Craig Polite, a psychologist who began treating the respondent in July 2013, testified that the respondent suffered from depressive disorder and anxiety. He observed that the respondent also suffered from a defensive denial syndrome, which manifested itself in the respondent ignoring his problems, medical or work-related. In his view, the respondent's poor coping skills were a factor in the events which resulted in his suspension. Dr. Polite opined that with ongoing psychotherapy, the respondent would be able to manage a professional practice.

In posthearing papers submitted by the respondent's former counsel, Deborah A. Scalise, she asked that the charge be sustained. She urged the Court to consider the following mitigating factors: the respondent's deep remorse and acceptance of full responsibility for his actions; the respondent's medical problems, dating back to 2009 and culminating in a diagnosis of multiple sclerosis; the respondent's treatment with Dr. Polite undertaken in the last year in an effort to understand his behavior and avoid a recurrence of his misconduct; and his general reputation for honesty, integrity, and good character.

Notwithstanding the respondent's sincere remorse and medical problems, we find that the evidence in this case suggests that the respondent's failure to cooperate cannot be attributed to his medical problems alone. While the respondent has sought treatment from Dr. Polite to address his psychological problems, we further find that the respondent's failure to submit any response to the Grievance Committee's motion is worrisome in view of the respondent's testimony and that of his expert that, through therapy, he was learning to confront his problems, rather than ignore them. Moreover, we consider the respondent's extensive disciplinary history to be an aggravating factor.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of one year.

ENG, P.J., RIVERA, DILLON, BALKIN and COHEN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Michael P. Mays, admitted as Michael Phillip Mays, is suspended from the practice of law for a period of one year, effective immediately, and continuing until further order of the Court. The respondent shall not apply for reinstatement earlier than March 16, 2016. In such application, the respondent shall furnish satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (3) has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Michael P. Mays, admitted as Michael Phillip Mays, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Michael P. Mays, admitted as Michael Phillip Mays, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).