Matter of Schirtzer (2024 NY Slip Op 03756)

Matter of Schirtzer

2024 NY Slip Op 03756

Decided on July 10, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY
LILLIAN WAN, JJ.

2019-08548

[*1]In the Matter of Robert Schirtzer, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Robert Schirtzer, respondent. (Attorney Registration No. 3903812)

DISCIPLINARY PROCEEDINGS instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 28, 2001.

Catherine A. Sheridan, Hauppauge, NY (Ann Marie Modica-Schaffer of counsel), for petitioner.
Robert Schirtzer, Bethpage, NY, respondent pro se

PER CURIAM.

OPINION & ORDER
The Grievance Committee commenced a formal
disciplinary proceeding against the respondent by serving and filing a notice of petition and a verified petition, both dated July 9, 2019. By decision and order on motion dated March 4, 2021, the Court denied the Grievance Committee's default motion and deemed the respondent's June 17, 2020 affirmation, including Exhibit A annexed thereto, to be the respondent's answer. By order dated September 14, 2021, amended on September 20, 2021, the matter was referred to the Honorable Joseph Covello, as Special Referee, pursuant to 22 NYCRR 1240.8(b)(1), to hear and report. A prehearing conference was conducted on December 2, 2021, and a hearing was conducted on January 13, 2022, with only the respondent testifying. In his report, the Special Referee sustained both charges in the petition. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as this Court deems just and proper. The respondent submits an affirmation in which he does not object to the Grievance Committee's motion, but requests that this Court consider the mitigation submitted.
The Petition and Answer
The verified petition contains two charges of professional misconduct stemming from the respondent's failure to cooperate with a disciplinary investigation.
Charge one alleges that the respondent engaged in conduct prejudicial to the administration of justice by failing to cooperate with a disciplinary investigation conducted by the Grievance Committee, in violation of rule 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: by letter dated January 25, 2019 (hereinafter the January 25, 2019 letter), the Grievance Committee advised the respondent that it had initiated an investigation concerning his professional misconduct based on a complaint filed by Marie Anne Vilson Pardo, dated November 28, 2018. The January 25, 2019 letter was sent via first class mail to the respondent's address in [*2]Levittown (hereinafter the Levittown address), which was the address that the respondent had registered with the Office of Court Administration (hereinafter OCA). The January 25, 2019 letter requested that the respondent submit a written answer to the complaint within 10 days of its receipt, and advised that the respondent's unexcused failure to timely respond or otherwise cooperate with the Grievance Committee would constitute professional misconduct independent of the merits of the complaint. The respondent failed to submit an answer to the Pardo complaint or request additional time in which to do so.
By letter dated February 22, 2019 (hereinafter the February 22, 2019 letter), sent by first class mail and certified mail, return receipt requested (hereinafter CMRRR) to the Levittown address, the Grievance Committee again requested that the respondent submit a written answer within 10 days of his receipt of the letter. A copy of the January 25, 2019 letter was enclosed with the February 22, 2019 letter. The copy of the February 22, 2019 letter sent via CMRRR was returned to the Grievance Committee with the notation "Unclaimed." The respondent failed to respond to the February 22, 2019 letter.
By letter dated March 28, 2019 (hereinafter the March 28, 2019 letter), sent by first class mail and CMRRR to the Levittown address, the Grievance Committee requested that the respondent make arrangements to be examined under oath (hereinafter EUO) upon receipt of the letter. The respondent failed to contact the Grievance Committee or otherwise respond to the March 28, 2019 letter. The copy of the March 28, 2019 letter that was sent via first class mail was returned to the Grievance Committee with the notation "Forward Time Exp Rtn to Sender." Below this notation was an address located in Bethpage.
On April 26, 2019, the Grievance Committee hand delivered the March 28, 2019 letter and two judicial subpoenas to Yasim Schirtzer, the respondent's wife, at an address located in Bethpage. One of the judicial subpoenas commanded the respondent's attendance at the Grievance Committee's office on May 8, 2019, to give testimony at an EUO, and the other judicial subpoena duces tecum commanded the respondent to produce his legal file for client Pardo. The respondent failed to appear for his EUO on May 8, 2019, and failed to produce his legal file for Pardo.
Charge two alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct, based on the factual specifications alleged in charge one.
In his answer, the respondent essentially admitted that he had not cooperated with the Grievance Committee's investigation, as charged, but explained that his lack of response was not intentional due to his "chronic physical and mental illnesses." The respondent further asserted, inter alia, that he is struggling financially due to his illnesses, that he was unable to pay his bills, that his car was repossessed in 2019, and that his wife had to sell her jewelry in order to pay rent, which caused marital distress. The respondent stated that he no longer had Pardo's legal file because his storage unit was closed due to nonpayment. Nevertheless, the respondent recalled handling Pardo's matter professionally and efficiently, and claimed that he had also expended money to obtain various records for her case.
Despite claiming that "[i]t seems to be a daily challenge for [him] just to perform certain simple task[s]," the respondent, nevertheless, stated that he worked for three law offices as a per diem attorney handling approximately three depositions a week, and that he represented Quicken Loans in refinance closings approximately five times a week.
The Hearing and Hearing Record
The respondent testified on his own behalf and stated that he did not answer the letters sent by the Grievance Committee to the Levittown address because he never received them. The respondent admitted that he moved to the Bethpage address without updating his attorney registration with OCA. Regarding the subpoena to appear for his EUO, the respondent testified that "I admit it was received in my house, okay. I did not respond to it. I don't know what happened to it." Upon further inquiry, the respondent admitted that the subpoena was on his desk, but he did not know what he did with it. The respondent reiterated his serious physical and mental illnesses, but also testified that when he conducted closings for the refinanced loans, he would travel to the borrower's house "because it's simple" and when he conducted the per diem depositions, there was "no stress."
On cross-examination, the respondent continued to deny that he received any letters regarding Pardo's complaint from the Grievance Committee because they were addressed to the [*3]Levittown address. However, upon demonstrating that the March 28, 2019 letter was hand delivered with the subpoenas to the Bethpage address, the respondent admitted to receiving a letter concerning the Pardo complaint, which he failed to answer. The respondent further admitted that he did not update his OCA registration until two years after he moved to the Bethpage address. The respondent also admitted that in his previous affirmations, in which he blamed his illnesses for his failure to cooperate with the Grievance Committee's investigation, he never mentioned that he did not receive the Grievance Committee's letters.
Lastly, the respondent admitted that during the course of the Grievance Committee's investigation in 2019, he never contacted the Grievance Committee to request additional time to respond, but in the same year, he handled two landlord/tenant matters, about two uncontested divorce proceedings, and a matter against the New York City Division of Housing and Community Renewal. The respondent had also appeared in court approximately three or four times, conducted approximately three depositions a week for three different law offices, and conducted three to four closings a week. The respondent testified that he never contacted the Grievance Committee to ask for an extension or to inform the Grievance Committee that he was ill because it would cause him anxiety and panic attacks, but that his legal work did not, and that he also "had to" work. The respondent apologized for his inaction and admitted that he should have responded.
In addition to his testimony, the respondent submitted a character affirmation from Anthony LaTrace, dated November 24, 2021. LaTrace has a practice handling per diem depositions, EUOs, hearings pursuant to General Municipal Law § 50-h, and arbitration hearings which he receives from numerous firms. LaTrace stated that he has known the respondent for more than 12 years and was aware of his medical illnesses. Despite these illnesses, LaTrace described the respondent's work product as "nothing short of fantastic. He has the awareness of what is needed in conducting depositions, how to prepare the witnesses being deposed and what to get out of those he is questioning." LaTrace described how he had accommodated the respondent's illnesses by assigning him to only court hearings in Queens and Nassau counties, and to depositions conducted via Zoom, and the respondent had "no trouble" handling these assignments.
In his report, the Special Referee sustained both charges in the petition and noted that the respondent,
"testified that he was plagued with numerous medical, mental, financial, and personal issues during this period, which prevented him from cooperating with the [Grievance] Committee's investigation. . . . It should be noted that even though [the] respondent still suffers from the same afflictions today, he was able to fully cooperate with the instant disciplinary proceeding.
"Although [the] respondent claimed that he was too ill to cooperate with the [Grievance] Committee's investigation, he acknowledged that he was able to work throughout 2019."
In its motion to confirm the Special Referee's report, the Grievance Committee reports that the respondent has a disciplinary history consisting of two Admonitions, personally delivered in 2013 and 2016, and one Letter of Advisement in 2017, indicating a history of neglecting client matters and/or failing to cooperate with the Grievance Committee. The respondent also asserted essentially the same physical and medical illnesses as mitigation in those cases, which the Grievance Committee took into consideration.Findings and Conclusion
In view of the evidence adduced at the hearing, we find that the Special Referee properly sustained both charges in the petition. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.
In determining an appropriate measure of discipline, we consider the respondent's pattern of failing to cooperate with the Grievance Committee's investigation a significant aggravation. His assertion that his physical and mental illnesses thwarted his cooperation is unpersuasive as he was able to work and participate fully with his disciplinary proceeding once this Court was involved, despite suffering from the same physical and mental illnesses that had prevented him from communicating with the Grievance Committee.
Under the totality of the circumstances, we find that a suspension for a period of one year is warranted (see Matter of Delva, 190 AD3d 1; Matter of Castro, 144 AD3d 110; Matter of Way, 141 AD3d 5; Matter of Mays, 132 AD3d 241; Matter of Rothman, 7 AD3d 62).
DILLON, J.P., DUFFY, BARROS, CONNOLLY and WAN, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's
report is granted; and it is further,
ORDERED that the respondent, Robert Schirtzer, is suspended from the practice of
law for a period of one year, commencing August 12, 2024, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than May 12, 2025. In such application (see 22 NYCRR 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension, he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Robert Schirtzer, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Robert Schirtzer, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court