[31 NYS3d 570]

In the Matter of FRED DOUGLAS WAY III, a Suspended Attorney,
Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEV-
ENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 18, 2016

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

*Andrew M. Krisel*, Brooklyn, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a verified petition dated December 24, 2014, containing three charges of professional misconduct. The petition alleges that the respondent failed to provide the Grievance Committee with an answer to three separate complaints of professional misconduct. By a verified answer dated May 26, 2015, the respondent essentially admitted the facts, presented a case in mitigation, and provided the outstanding answers to the pending grievance complaints. After a prehearing conference held on June 17, 2015, and a hearing held on July 21, 2015, the Special Referee sustained all charges. The Grievance Committee now moves to confirm the report of the Special Referee and impose such discipline upon the respondent as the Court deems appropriate. The respondent, by his attorney, has submitted an affirmation in response, requesting that the sanction be limited to time served under the immediate suspension, or alternatively, a public censure.

The charges in the petition emanate from the respondent's failure to cooperate with the lawful demands of the Grievance Committee in the investigation of three complaints of professional misconduct. Based upon the respondent's admissions, his sworn testimony, and the evidence adduced, we find that the facts are as follows:

### Complaint from Jason Silverstein and David Shorenskin

On or about October 10, 2014, the Grievance Committee received a complaint from Jason Silverstein and David Shorenskin. They alleged that the respondent failed to respond to their inquiries about a down payment that they had entrusted to him in connection with a real estate transaction. By letter dated October 20, 2014, sent via regular mail to the respondent's law office, the Grievance Committee informed the

respondent of the initiation of an investigation based upon this complaint, and requested that he provide a written answer within 10 days of his receipt of the letter. The letter was not returned to the Grievance Committee, and no response was received from the respondent.

A second request was made by letter dated November 14, 2014, sent via regular and certified mail, return receipt requested, to the respondent's law office. Therein, the respondent was directed to submit his written answer on or before November 25, 2014, and was reminded that his failure to cooperate with the Grievance Committee constituted professional misconduct independent of the merits of the underlying complaint. The letter sent via certified mail was returned to the Grievance Committee, and received on November 26, 2014, with a notation on the envelope stating "Refused 11/18/14." The letter sent by regular mail was not returned to the Grievance Committee, and no response was received from the respondent.

## Complaint from Edgar A. Fletcher

On or about October 16, 2014, the Grievance Committee received a complaint from Edgar A. Fletcher, who alleged that the respondent failed to communicate with him or his new attorney concerning a real estate down payment entrusted to the respondent in April 2014. By letter dated October 28, 2014, sent via regular mail to the respondent's law office, the Grievance Committee informed the respondent of the initiation of an investigation based upon the complaint, and requested that he provide a written answer within 10 days of his receipt of the letter. The letter was not returned to the Grievance Committee, and no response was received from the respondent.

A second request was made by letter dated November 14, 2014, sent via regular and certified mail, return receipt requested, to the respondent's law office. Therein, the respondent was directed to submit his written answer on or before November 25, 2014, and reminded that his failure to cooperate with the Grievance Committee constituted professional misconduct independent of the merits of the underlying complaint. The letter sent by certified mail was returned to the Grievance Committee, and received on December 3, 2014, with a notation on the envelope stating "Refused 11/18/14." The letter sent by regular mail was not returned to the Grievance Committee, and no response was received from the respondent.

## Complaint from Kim N. Chatterton

On or about October 17, 2014, the Grievance Committee received a complaint from Kim N. Chatterton, who alleged that the respondent neglected her legal matter. By letter dated October 30, 2014, sent via regular mail to the respondent's law office, the Grievance Committee informed him of the initiation of an investigation based upon the complaint, and requested that he provide a written answer within 10 days of his receipt of the letter. The letter was not returned to the Grievance Committee, and no response was received from the respondent.

A second request was made by letter dated November 14, 2014, sent via regular and certified mail, return receipt requested, to the respondent's law office address. Therein, the respondent was directed to submit his written answer on or before November 25, 2014, and reminded that his failure to cooperate with the Grievance Committee constituted professional misconduct independent of the merits of the underlying complaint. The letter sent by certified mail was returned to the Grievance Committee, and received on December 5, 2014, with a notation on the envelope stating "Refused 11/18/14." The letter sent by regular mail was not returned to the Grievance Committee, and no response was received from the respondent.

With respect to the three foregoing complaints, the Grievance Committee made additional efforts to obtain the respondent's cooperation, as follows:

On November 26, 2014 and December 2, 2014, Deputy Counsel to the Grievance Committee telephoned the respondent's law office. On both dates, a message was left on the respondent's answering machine directing him to call back immediately. The Grievance Committee did not receive a response from the respondent.

By letter dated December 2, 2014, sent via regular and certified mail, return receipt requested, to the respondent's law office, the Grievance Committee directed the respondent to submit his answers to the three pending complaints. Further, the respondent was informed that his continued failure to cooperate could form the basis for his immediate suspension pursuant to Rules of the Appellate Division, Second Department (22 NYCRR) § 691.4 (1). Neither letter was returned to the Grievance Committee, nor was a response received from the respondent.

On December 5, 2014, an investigator for the Grievance Committee hand-delivered a letter to the respondent's law office.

That letter directed the respondent to contact the Grievance Committee to schedule an examination under oath. The Grievance Committee did not receive any communication from the respondent.

Another attempt was made on December 12, 2014, when an investigator for the Grievance Committee hand-delivered a letter, of the same date, to the respondent's law office. As before, the letter directed the respondent to submit an answer to each complaint, and to contact the Grievance Committee to schedule an examination under oath. A copy of the December 12, 2014 letter also was sent via regular mail to the respondent's home address. The Grievance Committee did not receive any communication from the respondent.

A final attempt was made by letter dated December 16, 2014, which was hand-delivered by an investigator for the Grievance Committee to the respondent's law office. A copy also was sent via regular mail to the respondent's home address. The respondent failed to submit the answers as requested by the Grievance Committee.

Based upon the foregoing, the petition alleges that the respondent failed to cooperate with the Grievance Committee in its investigation of the complaints of professional misconduct filed by Jason Silverstein and David Shorenskin (charge one), Edgar A. Fletcher (charge two), and Kim N. Chatterton (charge three), in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d) and (h).

Based upon the evidence adduced, we find that the Special Referee properly sustained all charges. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.

In determining the appropriate measure of discipline to impose, the respondent's counsel submits that a public censure is warranted in view of the "many family and health issues" the respondent faced, as well as his expressed remorse. Nevertheless, the records of the Grievance Committee reflect that the respondent has an extensive prior disciplinary history consisting of three letters of caution and four admonitions. Notably, in January 2010, the Grievance Committee personally delivered an admonition to the respondent for his failure, since 2006, to cooperate with the Grievance Committee's investigation of multiple complaints of professional misconduct.

Under the totality of the circumstances, we find that the respondent's conduct warrants his suspension from the practice

of law for a period of one year, effective immediately, with credit for the time served from the date of his immediate suspension, such that he may apply for reinstatement immediately.

ENG, P.J., MASTRO, RIVERA, DILLON and SGROI, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Fred Douglas Way III, is suspended from the practice of law for a period of one year, effective immediately, and continuing until further order of this Court, with credit for the time served from the date of his immediate suspension, such that he may apply for reinstatement immediately. In such application, the respondent shall furnish satisfactory proof that during said period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (3), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Fred Douglas Way III, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Fred Douglas Way III, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).