[39 NYS3d 80]

In the Matter of KEVIN MICHAEL CASTRO, a Suspended Attorney. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, October 19, 2016

---

**APPEARANCES OF COUNSEL**

*Mitchell T. Borkowsky*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

*Kevin Michael Castro*, St. James, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition dated June 9, 2015 containing two charges of professional misconduct. Following a prehearing conference on October 27, 2015, and a hearing on January 19, 2016, the Special Referee issued a report dated March 4, 2016, which sustained charge two, but declined to sustain charge one. The Grievance Committee now moves to confirm in part, and disaffirm in part, the Special Referee's report, and for the imposition of such discipline as the Court deems just and appropriate. Although served with a copy of the motion, the respondent has neither submitted any papers in response nor requested additional time in which to do so. We find that the Special Referee properly sustained charge two. However, we find that the Special Referee improperly declined to sustain charge one, and charge one should have been sustained, based upon the evidence adduced at the hearing.

Charge one alleges that the respondent engaged in conduct that is prejudicial to the administration of justice, by failing to cooperate with a disciplinary committee in the legitimate investigation of professional misconduct, in violation of rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0). On or about November 3, 2014, the petitioner received a

complaint of professional misconduct against the respondent from Georgette A. Miller, Esq. (hereinafter the Miller complaint). By letter dated November 13, 2014, the petitioner notified the respondent that it had initiated an investigation against him based on the Miller complaint, and requested his written response. The respondent submitted his answer to the Miller complaint by letter dated November 19, 2014.

Thereafter, by letter dated February 6, 2015, the petitioner sought additional information from the respondent concerning the Miller complaint, and requested that the respondent contact counsel to the petitioner to schedule an examination under oath. The respondent failed to respond to the petitioner's request.

By letter dated February 23, 2015, sent by certified mail, return receipt requested, the petitioner again requested the respondent to contact counsel to the petitioner upon receipt to schedule an examination under oath. This letter was returned to the petitioner with the notation "Return To Sender Not Deliverable As Addressed Unable To Forward."

On April 4, 2015, the respondent was personally served with a judicial subpoena and a judicial subpoena duces tecum, both dated March 19, 2015, directing him to appear at the petitioner's office on April 21, 2015, and to produce certain files in connection with the Miller complaint. In response, by letter dated April 12, 2015, the respondent advised the petitioner as follows:

> "I have no hard paper files on any of the matters referenced in the subpoena. The practice of bankruptcy is purposely a papa less [sic] practice. Please see Pacer for al [sic] that I would be able to provide. As for April 21, 2015 that is not a good date for me due to personal commitments. Perhaps June 2, 2015 at 9:30."

By letter dated April 15, 2015, the respondent was advised that the petitioner would consent to an adjournment of the return date of the subpoenas of no more than 10 days. The letter advised the respondent to immediately contact counsel to the petitioner upon receipt to reschedule the return date of the subpoenas. The respondent was further advised that if he failed to contact petitioner's counsel, he would be expected to comply with the judicial subpoena and judicial subpoena duces tecum. The petitioner's letter dated April 15, 2015 was not returned to the petitioner.

The respondent failed to respond to the petitioner's letter dated April 15, 2015; failed to appear before the petitioner on April 21, 2015 as directed by the judicial subpoena dated March 19, 2015; and failed to produce his files as directed by the judicial subpoena duces tecum dated March 19, 2015.

Based upon the foregoing, charge two alleges that the respondent engaged in conduct that adversely reflects on his fitness as an attorney by failing to cooperate with a disciplinary committee in the legitimate investigation of professional misconduct, in violation of rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0).

Based upon the evidence adduced, the Grievance Committee's motion to confirm in part, and disaffirm in part, the report of the Special Referee is granted, and charges one and two are sustained.

In determining an appropriate measure of discipline to impose, the Court notes that the respondent is currently suspended based on findings, inter alia, that he misappropriated funds entrusted to him as a fiduciary, and failed to comply with basic requirements relating to the maintenance of attorney special and business accounts. The two-year suspension, which commenced on November 14, 2014 (123 AD3d 128 [2014]), has not expired. In addition, the respondent was previously issued a letter of admonition in 2012 and letter of caution in 2011 for, among other things, his failure to cooperate with investigations by an attorney disciplinary committee. We find the respondent's disciplinary history to be an aggravating factor.

Under the totality of circumstances, we find that a suspension from the practice of law for one year is warranted, in addition to the two-year suspension previously imposed by opinion and order of this Court dated October 15, 2014 (*see Matter of Way*, 141 AD3d 5 [2016]).

Eng, P.J., Rivera, Dillon, Balkin and Chambers, JJ., concur.

Ordered that the petitioner's motion to confirm in part, and disaffirm in part, the Special Referee's report is granted; and it is further,

Ordered that the respondent, Kevin Michael Castro, is suspended from the practice of law for a period of one year, in addition to the previous suspension of two years, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than May 16, 2017. In such ap-

plication, the respondent shall furnish satisfactory proof that during said period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements (*see* 22 NYCRR 691.11 [c]), (4) made payment of the misappropriated funds from the Omni transaction to Michael Rama, in the amount of $122,176, as previously directed by opinion and order of this Court dated October 15, 2014 (123 AD3d 128 [2014]), and (5) has otherwise properly conducted himself; and it is further,

Ordered that the respondent, Kevin Michael Castro, shall continue to comply with this Court's rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Kevin Michael Castro, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Kevin Michael Castro, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).