Matter of Delva (2020 NY Slip Op 06256)





Matter of Delva


2020 NY Slip Op 06256


Decided on November 4, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
HECTOR D. LASALLE, JJ.


2019-00407

[*1]In the Matter of Ramses Delva, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Ramses Delva, respondent. (Attorney Registration No. 4186557)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The Grievance Committee commenced a disciplinary proceeding against the respondent by the service and filing of a notice of petition and a verified petition, both dated January 9, 2019. The respondent served and filed a verified answer dated February 19, 2019. The Grievance Committee then served a statement of disputed and undisputed facts dated March 7, 2019, which the respondent did not challenge. By decision and order on motion dated July 17, 2019, the issues raised were referred to the Honorable Arthur J. Cooperman, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 11, 2004.



Diana Maxfield Kearse, Brooklyn, NY (David W. Chandler of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a verified petition dated January 9, 2019, containing two charges of professional misconduct. A hearing was held on September 19, 2019, at which the respondent did not appear. The Special Referee subsequently issued a report sustaining both charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as this Court deems just and proper. Although served with a copy of the motion, the respondent has neither served a response, nor has he requested additional time in which to do so.
Charges one and two allege that the respondent failed to cooperate with the Grievance Committee's investigation of his professional conduct in relation to two matters, in violation of rule 8.4(d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200), which prohibit an attorney from engaging in conduct that is prejudicial to the administration of justice and from engaging in conduct that adversely reflects on the lawyer's fitness as a lawyer, respectively, as follows:
On December 26, 2017, the Grievance Committee received a dishonored check report from the New York State Lawyers' Fund for Client Protection regarding a $4,000 check drawn on the respondent's escrow account that was returned for insufficient funds. By letter dated January 11, [*2]2018, sent by regular mail to the respondent's office address on file with the Office of Court Administration (hereinafter OCA), the Grievance Committee notified the respondent that a complaint had been initiated based upon the dishonored check and requested that the respondent provide a written answer, as well as his escrow account bank records for the six months preceding the date of the dishonored transaction, within 20 days of his receipt thereof. The respondent was also informed that his failure to timely respond or otherwise cooperate in the matter constituted professional misconduct independent of the underlying investigation. This letter was not returned by the post office and no response was received from the respondent.
On February 13, 2018, staff counsel to the Grievance Committee contacted the respondent by telephone at the number he registered with OCA. The respondent stated that he was waiting for his bank to provide him with documentation and he expected to provide an answer by February 16, 2018. However, no answer or bank records were submitted by that date. Thereafter, a second letter was sent by the Grievance Committee to the respondent's office address, dated February 22, 2018, by both regular mail and certified mail return receipt requested, demanding an answer and the pertinent records by March 9, 2018, and warning the respondent of the potential consequences of his failure to cooperate. No response was received from the respondent. On March 12, 2018, a third letter was sent by the Grievance Committee to both the respondent's office address and home address registered with OCA, by regular mail and certified mail return receipt requested, asking for a written answer to the dishonored check complaint, and requested bookkeeping records, and explicitly warning the respondent that failure to submit the information by March 30, 2018, would result in the Grievance Committee moving for his immediate suspension. No response was received from the respondent.
Between February 22, 2018, and May 16, 2018, staff counsel to the Grievance Committee made numerous attempts to contact the respondent by telephone, without success. A letter dated May 11, 2018, was sent by the Grievance Committee to the respondent's office address, by regular mail, directing him to appear at the Grievance Committee's office on May 25, 2018, for an examination under oath (hereinafter EUO). The respondent was warned that his failure to appear may result in the Grievance Committee moving for the immediate suspension of his license to practice law. The respondent failed to appear for the EUO and failed to contact the Grievance Committee.
On May 16, 2018, the Grievance Committee received a complaint of professional misconduct against the respondent from Jean Barthelemy and Clairsilia Barthelemy, alleging that he had neglected their guardianship matter and failed to communicate with them. The Grievance Committee sent a letter dated May 24, 2018, by regular mail, to the respondent's office address, informing him of the Barthelemys' complaint, that an investigation had been commenced, and requesting that he submit a written answer within 10 days of his receipt thereof. The letter also informed the respondent that his failure to timely respond or otherwise cooperate in the matter constituted professional misconduct independent of the underlying investigation. This letter was not returned by the post office; however, no response was received from the respondent.
On May 30, 2018, staff counsel to the Grievance Committee reached the respondent on his cell phone, and he confirmed that he would appear before the Grievance Committee on June 12, 2018, to receive an admonition pertaining to three unrelated disciplinary matters. However, on June 12, 2018, the respondent called the Grievance Committee claiming that he had the flu, and rescheduled his appearance for September 12, 2018. During that conversation, he promised to submit his answers to the dishonored check report and to the Barthelemys' complaint. Thereafter, a letter dated June 12, 2018, confirming the respondent's rescheduled appearance and directing him to submit his answers to both complaints by July 6, 2018, was sent to his office address by both regular mail and certified mail, return receipt requested. The respondent failed to submit answers to both complaints, or the requested records, or to contact the Grievance Committee in any manner by July 6, 2018.
The respondent did appear before the Grievance Committee on September 12, 2018, to receive a personally-delivered admonition in three unrelated matters. At that time, he provided statements for his escrow account for the period May 2017 through November 2017, and January 2018, in relation to the dishonored check complaint, as well as various guardianship documents pertaining to the Barthelemy matter. When questioned by the Chair as to the outstanding investigations, the respondent stated that he had an answer and would submit it "forthwith." However, no answers were provided to the Grievance Committee, and on September 27, 2018, after [*3]failing to reach the respondent on his cell phone, staff counsel sent a letter to his office address, by regular mail, recounting the Grievance Committee's previous efforts to induce his cooperation, and giving the respondent until October 9, 2018, to submit his answers before appropriate action with the Appellate Division would be taken. No response was received from the respondent.
Upon consideration of the evidence adduced at the hearing, we find that the Special Referee properly sustained the charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.
In determining an appropriate sanction, we find that the respondent has offered no mitigation, as he failed to appear at the hearing or respond to the Grievance Committee's motion. Such failure to participate in the proceeding is deemed an aggravating factor, as it shows the respondent's flagrant disregard for the disciplinary process. The respondent has also to date failed to provide answers to the complaints, or all of the records requested by the Grievance Committee. Further, the respondent's disciplinary history, which includes two personally-delivered admonitions, is an additional aggravating factor, and considered in conjunction with the present matter, reveals a disturbing pattern and practice of failing to cooperate with Grievance Committee investigations. Under the totality of the circumstances, we find that the respondent's conduct warrants his suspension from the practice of law for a period of one year (see Matter of Castro, 144 AD3d 110; Matter of Way, 141 AD3d 5).
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and LASALLE, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Ramses Delva, is suspended from the practice of law for a period of one year, commencing December 4, 2020, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than September 4, 2021. In such application (see 22 NYCRR 691.11, 1240.16), the respondent shall furnish satisfactory proof that during said period, he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Ramses Delva, shall promptly comply with this Court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Ramses Delva, shall desist and refrain from (l) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further
ORDERED that if the respondent, Ramses Delva, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court