Matter of Delva (2022 NY Slip Op 04910)

Matter of Delva

2022 NY Slip Op 04910

Decided on August 10, 2022

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.

2022-00356

[*1]In the Matter of Ramses Delva, a suspended attorney. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Ramses Delva, respondent. (Attorney Registration No. 4186557.)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 11, 2004. In a separate proceeding, by opinion and order of this Court dated November 4, 2020, the respondent was suspended from the practice of law for a period of one year, effective December 4, 2020, and continuing until further order of this Court (Matter of Delva, 190 AD3d 1).

Diana Maxfield Kearse, Brooklyn, NY (David W. Chandler of counsel), for petitioner.

PER CURIAM.

OPINION & ORDER
On January 12, 2022, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a notice of petition and a verified petition, both dated January 3, 2022, and duly filed those papers with this Court together with an affidavit of service. The petition contains eight charges, alleging that the respondent, inter alia, misappropriated client funds entrusted to him incident to his practice of law for his own personal use and benefit; commingled personal funds with funds held incident to his practice of law; made an improper cash withdrawal from his escrow account; improperly titled his escrow account; neglected a client matter; violated a court order of suspension; and failed to cooperate with the Grievance Committee's investigation, in violation of rules 1.15(a), (b)(2) and (e) and 1.3(b) and 8.4(d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). The notice of petition directed the respondent to serve and file his answer to the verified petition within 20 days after service upon him of the notice of petition and the verified petition. To date, the respondent has neither served nor filed an answer to the verified petition, as directed, nor requested additional time in which to do so.
The Grievance Committee now moves to deem the charges against the respondent established based upon his default and to impose such discipline upon him as this Court deems appropriate. Although the motion papers were served upon the respondent on March 9, 2022, he has neither opposed the instant motion nor interposed any other response thereto.
Accordingly, the Grievance Committee's motion to deem the charges in the verified petition dated January 3, 2022, established is granted, the charges in the verified petition are deemed established, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J, DILLON, DUFFY, BARROS and CONNOLLY, JJ., concur.
ORDERED that the motion of the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts to deem the charges in the verified petition dated January 3, 2022, established based upon the default of the respondent, Ramses Delva, a suspended attorney, is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Ramses Delva, a suspended attorney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Ramses Delva, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Ramses Delva, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Ramses Delva, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court