Matter of Galloway (2024 NY Slip Op 04318)

Matter of Galloway

2024 NY Slip Op 04318

Decided on August 28, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.

2020-02446

[*1]In the Matter of Aubrey Galloway III, admitted as Aubrey Claudius Galloway, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Aubrey Galloway III, respondent. (Attorney Registration No. 4888459)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Ninth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 23, 2011, under the name Aubrey Claudius Galloway.

Courtny Osterling, White Plains, NY (Mathew Lee-Renert of counsel), for petitioner.
Richard Grayson, White Plains, NY, for respondent.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) commenced a formal disciplinary proceeding against the respondent by serving and filing a notice of petition and a verified petition, both dated February 25, 2020. The respondent, through counsel, served and filed a verified answer dated June 3, 2020. Subsequently, the Grievance Committee and the respondent served and filed a joint stipulation of disputed and undisputed facts dated August 19, 2021. By decision and order dated September 14, 2021, this Court referred the matter to John J. Halloran, Jr., as Special Referee, to hear and report. By stipulation executed on or about June 14, 2022, the petition was amended, and the respondent admitted to all of the factual allegations contained in the amended petition but denied the legal conclusions. By supplemental stipulation executed on or about September 27, 2022, the respondent again admitted to the factual allegations in the amended petition but denied the legal conclusions. A pre-hearing conference was conducted on August 19, 2022, and a hearing was conducted on November 4, 2022. In a report dated February 8, 2023, the Special Referee sustained all five charges in the amended petition. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as this Court deems just and proper. The respondent submits an affirmation requesting that this Court disaffirm the findings of the Special Referee and dismiss all charges in the petition, or in the alternative, impose a public censure. In view of the evidence adduced at the hearing, we find that the Special Referee properly sustained all five charges in the amended petition and that the respondent should be suspended for a period of one year.
The Petition
Charge one, as amended, alleges that the respondent engaged in conduct prejudicial to the administration of justice by failing to timely and/or fully cooperate in a disciplinary [*2]investigation conducted by the Grievance Committee, in violation of rule 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
By letter dated July 9, 2019, sent via first class mail, the Grievance Committee advised the respondent that it had initiated an investigation concerning his professional misconduct based on a complaint filed by client Nilsa Espinoza (hereinafter the Espinoza complaint). The July 9, 2019 letter included the Espinoza complaint and requested that the respondent submit a written answer to the complaint within 10 days of receipt. This letter further advised the respondent that an unexcused failure to timely respond or properly cooperate with the Grievance Committee would constitute additional misconduct independent of the merits of the underlying complaint. The respondent failed to submit an answer to the Espinoza complaint. By letter dated August 9, 2019, sent via certified mail, return receipt requested (hereinafter CMRRR), the Grievance Committee again requested that the respondent submit an answer to the Espinoza complaint within 10 days of receipt. The respondent failed to submit an answer. On August 29, 2019, the Grievance Committee faxed and mailed a letter to the respondent requesting that he contact the Grievance Committee to schedule an examination under oath (hereinafter EUO). The respondent did not contact the Grievance Committee.
On September 11, 2019, the respondent was served with a judicial subpoena and a judicial subpoena duces tecum, each returnable at the Grievance Committee's office on September 17, 2019. The respondent failed to comply with this Court's subpoenas to appear for his EUO or to produce documents.
After again being served with a judicial subpoena and judicial subpoena duces tecum, on October 16, 2019, the respondent appeared at the Grievance Committee's office and testified under oath concerning the Espinoza complaint. At his EUO, the Grievance Committee requested that the respondent provide additional information concerning the Espinoza complaint, including but not limited to a written answer, by October 25, 2019. By letter to the respondent dated October 21, 2019, the Grievance Committee confirmed the information requested from the respondent at the EUO and requested additional information, including specific escrow account records. On or about October 28, 2019, the respondent submitted a written answer to the Espinoza complaint but failed to provide the escrow account records.
Charge two, as amended, alleges that the respondent made cash withdrawals from his escrow account, in violation of rule 1.15(e) of the Rules of Professional Conduct. At all relevant times, the respondent maintained at People's United Bank an escrow account titled "Law Offices of Aubrey C. Galloway Esq III PC, IOLA Fund of the State of New York, Attorney Trust Acct/IOLA," with an account number ending in 3681 (hereinafter the escrow account). On or about August 5, 2019, the respondent deposited $85,000 in settlement proceeds for Espinoza's personal injury matter into the escrow account. Of this amount, $56,667.33 represented Espinoza's share of the settlement, and $28,333.33 was due to the respondent for his costs and legal fees. On or about September 11, 2019, the respondent disbursed to Espinoza her entire share of the settlement funds. On September 11, 2019, the respondent made a cash disbursement of $5,300 to himself from the escrow account. On October 17, 2019, the respondent withdrew $3,500 in cash for himself from the escrow account. On October 25, 2019, the respondent withdrew $2,500 in cash for himself from the escrow account.
Charge three, as amended, alleges that the respondent failed to obtain deposit slips for his escrow account bearing the required title as specified in rule 1.15(b)(2) of the Rules of Professional Conduct.
Charge four, as amended, alleges that the respondent engaged in conduct prejudicial to the administration of justice by failing to timely and/or fully cooperate in a disciplinary investigation conducted by the Grievance Committee, in violation of rule 8.4(d) of the Rules of Professional Conduct, as follows:
By letter dated November 22, 2019, sent via first class mail, the Grievance Committee advised the respondent that it had initiated an investigation concerning his professional misconduct based on a complaint filed by Dale A. Keeney (hereinafter the Keeney complaint). The November 22, 2019 letter included the Keeney complaint and requested that the respondent submit a written answer to the complaint within 10 days of receipt. This letter further advised the respondent that an unexcused failure to timely respond or properly cooperate with the Grievance Committee would constitute additional misconduct independent of the merits of the underlying complaint. The respondent failed to submit an answer to the Keeney complaint. By letter dated December 11, 2019, sent via CMRRR, the Grievance Committee again requested the respondent to submit an answer to [*3]the Keeney complaint within 10 days of receipt. The return receipt postcard received by the Grievance Committee indicated that the December 11, 2019 letter was delivered on December 13, 2019. The respondent failed to submit an answer to the Keeney complaint.
Charge five alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct, based on the factual specifications alleged in charges one through four, as amended.
The Hearing and Hearing Record
The respondent testified that after graduating from law school in 2010, he worked for the law firm of Aaronson, Rappaport, Feinstein & Deutsch for approximately four years handling medical malpractice defense work. In or about January 2015, the respondent opened his own practice handling landlord/tenant and criminal defense work when a close family friend, Osvaldo Gonzalez, offered the respondent office space in Gonzalez's law firm suite. The respondent opened his first escrow account on August 5, 2019, to deposit the settlement funds for the Espinoza matter. This was the first contact the respondent had with an escrow account.
When the respondent had an office in Gonzalez's suite, Gonzalez's daughter, Kelly, who was also Gonzalez's full-time secretary and the mother of the respondent's son, would help the respondent with minor administrative matters. Kelly, however, was never employed by the respondent. According to the respondent, Gonzalez was disbarred as an attorney and Kelly blamed the respondent for her father's disbarment. According to the respondent, on June 30, 2019, Kelly, who had been living with the respondent at the time, got into an argument with the respondent and threatened the respondent's law license.
The respondent testified that he never received the letters from the Grievance Committee in July 2019 and August 2019 because he took two trips to Colorado to visit his family, and Kelly was supposed to forward the respondent's mail from the office. According to the respondent, the person who signed the return receipt postcards worked for the building in which the law firm suite was located, and she was not authorized to accept mail on his behalf. The respondent testified that he did not receive the first set of subpoenas dated September 4, 2019, but he received the second set dated September 18, 2019, and appeared for his EUO.
Regarding the three cash withdrawals alleged in charge two, the respondent testified that no cash was ever withdrawn, but rather, the withdrawal slips were used to effectuate a bank transfer from his escrow account to his personal account as demonstrated by the deposit slips for the same amount to the personal account on the same day. The respondent testified that it was "a mistake" on his part to stipulate (twice) that he admitted to the allegations that he had withdrawn cash from his escrow account. The respondent stated that he stipulated to the allegations because he was pro se at the time when the stipulations were executed.
Regarding charge three, the respondent testified that he deposited the Espinoza settlement check the day that he opened his escrow account. The bank gave him a starter deposit slip which did not bear his account title, and he used the deposit slip to deposit the Espinoza check into the escrow account. No other deposits were made to this escrow account.
Regarding charge four alleging that the respondent failed to cooperate with the Grievance Committee regarding the Keeney complaint, the respondent testified that the complaint was initially sent to the Attorney Grievance Committee for the First Judicial Department. Thereafter, the Attorney Grievance Committee for the First Judicial Department sent a letter to Keeney, stating that his complaint was being forwarded to the Grievance Committee for the Ninth Judicial District and that no further action would be taken in the matter. According to the respondent, he did not respond to the letter regarding the Keeney complaint from the Grievance Committee because the respondent thought that the complaint had been dismissed based on the letter from the Attorney Grievance Committee for the First Judicial Department.
The respondent blamed Kelly for the fact that respondent is the subject of a disciplinary proceeding and testified that "to the extent that I may have disrespected the Grievance Committee, I take responsibility and I'm very sorry about that and do apologize."
Upon cross-examination, when asked if he was familiar with the Rules of Professional Conduct governing attorney escrow accounts, the respondent replied, "Some degree." The respondent admitted that he did not review the rules prior to opening his escrow account, despite regularly certifying on his attorney registration that he had reviewed the rules and was in compliance.
The Special Referee's Report
In his report, the Special Referee sustained all five charges in the amended petition. [*4]As to charge one, the Special Referee found that by the initial stipulation and supplemental stipulation, the respondent had admitted the facts relating to charge one and that charge one was therefore sustained. The Special Referee found that there was no dispute that the respondent failed to timely respond to the Grievance Committee's letters and that the respondent's explanation that Kelly sabotaged his mail was "speculative, and inconsistent with the record which shows that [Kelly] delivered [the Grievance Committee's] correspondence to Respondent's mother, who in turn delivered the correspondence to Respondent. There is no probative evidence that [Kelly] 'sabotaged' Respondent's mail" (citations and internal quotations marks omitted). The respondent's failure to produce bank records, which were directly requested from him during his October 16, 2019 EUO, further demonstrated the respondent's inattention to the Grievance Committee's investigation and could not be excused by the respondent's difficulties receiving mail.
The Special Referee also sustained charge two based on the initial stipulation, supplemental stipulation, and the full record. Although the respondent tried to retract his admissions at the hearing, claiming that the cash withdrawals were internal bank transfers, the Special Referee found that the stipulations were binding upon the respondent. Furthermore, the Special Referee found that the transfer of funds from the escrow account to the respondent's personal account involved cash or the functional equivalent of cash, thus violating rule 1.15(e) of the Rules of Professional Conduct.
The Special Referee also sustained charge three, finding that the deposit slip used by the respondent did not bear the proper title as required by rule 1.15(b)(2) of the Rules of Professional Conduct. Although the respondent wrote the name of his law firm on the deposit slip, he failed to properly identify the account as an escrow account. The Special Referee rejected the respondent's argument that he did not violate rule 1.15(b)(2) of the Rules of Professional Conduct because although the deposit slip did not bear the proper title, the respondent's escrow account was properly titled.
The Special Referee also sustained charge four, finding that the respondent's admissions in the stipulations and in his hearing testimony that he had received Keeney's complaint and had failed to provide a written answer were sufficient to sustain this charge. The Special Referee did not credit the respondent's testimony that he thought the Keeney complaint was dismissed because the letter from the Attorney Grievance Committee for the First Judicial Department "said nothing about any dismissal and made it clear that the Keeney Complaint was being forwarded to the Grievance Committee for the Ninth Judicial District."
Lastly, the Special Referee sustained charge five based on his findings in charges one through four.
Ultimately, the Special Referee found that the respondent did not fully cooperate with the Grievance Committee and that the respondent's excuses regarding the sabotage of his mail and of misunderstanding correspondence "lack plausible evidentiary support." In mitigation, the Special Referee found that the escrow account violations did not result in any client harm, and did not appear to be motivated by self enrichment, subterfuge, or dishonesty. Rather, the record showed that the respondent was inexperienced in handling an escrow account. The mistakes concerning the escrow account were also isolated as they involved one client matter, and the respondent indicated that he no longer handles escrow funds.
Although the Special Referee's report stated that he "makes no finding of aggravating factors," he rejected the respondent's argument that he cooperated with the Grievance Committee, and found that the respondent did not meet his burden to show genuine remorse and acceptance of responsibility. Specifically, the Special Referee found the respondent's testimony concerning his remorse for his misconduct to be "perfunctory and conditional."
The Grievance Committee moves to confirm the report of the Special Referee and to impose such discipline as this Court deems just and proper. The Grievance Committee reports that the respondent has a disciplinary history consisting of four Admonitions and one Letter of Advisement. Although three of the Admonitions and the Letter of Advisement were all issued on or about October 15, 2018, they involve four separate client complaints with similar misconduct, and the respondent was admonished and advised for, inter alia, his failure to cooperate with the Grievance Committee in those investigations. The Grievance Committee argues that to the extent that mitigation was found by the Special Referee, it pertains only to the escrow account violations. Given the respondent's disciplinary history, the Grievance Committee submits that his pattern of failing to cooperate with the Grievance Committee is a substantial aggravating factor.
The respondent requests that this Court disaffirm the findings of the Special Referee and dismiss all charges against him, but if this Court decides to impose public discipline, that discipline should be limited to a public censure. The respondent makes the same arguments he made before the Special Referee, including that Kelly was to blame for his failure to cooperate with the Grievance Committee. The respondent further contends that the cash withdrawals from the escrow account were really "bank transfers," which are permitted under rule 1.15(e) of the Rules of Professional Conduct because the transactions contained the required information of the date, amount, and account to where the funds were being deposited, and the intent of rule 1.15(e) of the Rules of Professional Conduct is to create a trail to trace how funds have been disbursed. According to the respondent, since such a trail was established by the three internal bank transfers, charge two should not have been sustained. As to charge four, the respondent submits that he merely "misinterpreted" the letter from the Attorney Grievance Committee for the First Judicial Department and asserts that he later provided documents to the Grievance Committee. The respondent contends that, among other things, his youth, inexperience in running a solo practice, and the difficult relationship with Kelly, all contributed to his misconduct concerning the Espinoza and Keeney complaints.
In a reply affirmation, the Grievance Committee argues that the respondent mischaracterizes the factual record and, inter alia, wrongly suggests that he cooperated to some degree with the Grievance Committee's investigation of the Keeney complaint. The Grievance Committee asserts that the respondent never cooperated at any point with the Keeney investigation.
Findings and Conclusion
In view of the evidence adduced at the hearing, we find that the Special Referee properly sustained all five charges in the amended petition. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.
The Special Referee properly sustained charge one, as the respondent admitted to the factual specifications of his failure to cooperate with the Grievance Committee's investigation of the Espinoza complaint. The respondent never explained how Kelly was responsible for handling his mail while he was in Colorado when Kelly was never the respondent's employee or why the respondent still expected Kelly to be responsible for his mail after their relationship became strained. As to charge two, despite the respondent belatedly claiming that he effectuated a bank transfer after repeatedly admitting that he withdrew cash, his bank records do not support this assertion. Indeed, the intent of rule 1.15(e) of the Rules of Professional Conduct is to create a trail on how escrow funds are disbursed. The respondent's bank statements indicate that withdrawals, not bank transfers, were made from the escrow account. Contrary to the respondent's assertion, such withdrawals had the date and amount, but no information as to where the funds were deposited. For the withdrawal from the escrow account that occurred on September 11, 2019, a deposit slip for the respondent's personal account for the same date indicated that "cash" was deposited. For the withdrawals from the escrow account that occurred on October 15, 2019, and on October 17, 2019, there is no information regarding what kind of funds were being deposited into the personal account. While we can presume based on the same date and the amount that the funds being deposited into the respondent's personal account came from the escrow account, the fact that anyone reviewing the escrow account has to make a presumption circumvents the intention to create a trail on how the escrow funds have been disbursed. Therefore, the Special Referee properly sustained charge two.
Regarding charge three, while the respondent's explanation that he had opened a new account may mitigate the misconduct, it does not alter the fact that the deposit slip did not contain the requisite title for the escrow account. The respondent wrote the name of his law firm on the deposit slip, and he could have included the proper title. He failed to do so, even if there was no ill intent. Regarding charge four, we find the respondent's assertion that there was a misunderstanding concerning the Keeney complaint to be disingenuous. The respondent acknowledged during his EUO that the Keeney complaint was erroneously filed with the Attorney Grievance Committee for the First Judicial Department and he was told that it should be handled by the Grievance Committee.
In determining an appropriate measure of discipline, we consider the respondent's
pattern of failing to cooperate with the Grievance Committee's investigations as well as his refusal to take responsibility for his misconduct to be significant aggravating factors. In mitigation, the escrow account violations did not result in any client harm, did not appear to be motivated by self enrichment, and involved only one client matter.
Under the totality of the circumstances, we find that a one-year suspension is warranted (see Matter of Delva, 190 AD3d 1; Matter of Castro, 144 AD3d 110; Matter of Way, 141 AD3d 5; Matter [*5]of Mays, 132 AD3d 241; Matter of Rothman, 7 AD3d 62).
LASALLE, P.J., DILLON, DUFFY, BARROS, and WOOTEN, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's
report is granted; and it is further,
ORDERED that the respondent, Aubrey Galloway III, admitted as Aubrey Claudius
Galloway, is suspended from the practice of law for a period of one year, commencing September 27, 2024, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than June 27, 2025. In such application (see 22 NYCRR 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension, he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Aubrey Galloway III, admitted as Aubrey Claudius Galloway, shall comply with this Court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Aubrey Galloway III, admitted as Aubrey Claudius Galloway, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Aubrey Galloway III, admitted as Aubrey Claudius Galloway, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court